# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| JACOB AARON LEVEILLE, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO.: 3:19-cv-00908 |
| | ) Judge: Honorable Brian J. Davis |
| RYAN EDWARD UPCHURCH professionally known as UPCHURCH, | ) |
| Defendant. | ) |

## DEFENDANT'S MOTION TO DISMISS COMPLAINT
## AND SUPPORTING MEMORANDUM

Defendant Ryan Edward Upchurch ("Upchurch") by and through its undersigned counsel, respectfully moves to dismiss, with prejudice, the Complaint filed by Plaintiff Jacob Aaron LeVeille (Dkt. No. 1) pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

WHEREFORE, for the reasons set forth more fully in Upchurch's supporting Memorandum of Law, Upchurch requests that the Court grant the Motion to Dismiss and enter the attached Proposed Order of Court.

## MEMORANDUM OF LAW

### I. Background

Plaintiff Jacob Aaron LeVeille ("LeVeille"), filed a Complaint on August 05, 2019 against Defendant Upchurch. In the Complaint, LeVeille alleges a claim for violation of The Visual Artists Rights Act, 17 U.S.C. §106A et seq. ("VARA"). Dkt. No. 1, ¶¶ 26-35. LeVeille's claim

purportedly pertains to two (2) claimed works of art[1], and LeVeille alleges that Upchurch has violated a right of integrity under VARA.

However, LeVeille fails to set forth a VARA claim by failing to properly support that LeVeille is the author of the two (2) claimed works of art, that any prejudice has occurred to LeVeille's honor or reputation, or that the works are of a recognized status. Furthermore, the rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements contained in LeVeille's Complaint fail to set forth a VARA claim.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits the dismissal of a complaint for "failure to state a claim upon which relief can be granted." *Fed. R. Civ. P. 12(b)(6)*. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007) (a complaint must "give the defendant fair notice of what… the claim is and the grounds upon which it rests."). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.; see also Papurello v. State Farm Fire & Cas. Co.,* 144 F. Supp. 3d 746, 760 (W.D. Pa. 2015). Although a court must accept all well-pleaded factual allegations contained in a complaint, it need not credit bare allegations, conclusory assertions, or unwarranted factual inferences. *See Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013), as amended (June 14, 2013); *Maio v. Aetna, Inc.*, 221 F.3d 472, 485 n.12 (3d Cir. 2000). Instead, the court should "disregard rote recitals of the elements of a cause of action,

---

[1] "Works of visual art" is a defined term within VARA. 17 U.S.C. § 101. Upchurch's use of the term "work[s] of art" herein is not an admission or an acknowledgement that the paintings described in the Complaint qualify under this definition or should receive VARA protection.

legal conclusions, and mere conclusory statements." *James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012); *see also Iqbal*, 566 U.S. at 678 ("threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Similarly, a court may not assume the existence of facts that have not been pleaded. *See e.g., City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263, n. 13 (3d Cir. 1998).

III. **ARGUMENT**

VARA was enacted as an amendment to the Federal Copyright Act to protect artists' "moral rights," i.e., their rights of "attribution" and "integrity," for "works of visual art" as defined by the statute. *17 U.S.C. § 106A*. In granting certain rights, **VARA confers rights only on artists who have produced works of "recognized statute," or whose "honor or reputation" is such that it would be prejudiced by the modification of a work** (emphasis added).

Not every artist has rights under VARA, and not everything called "art" is protected by such rights. *Pollara v. Seymour*, 344 F.3d 265, 269 (2d Cir. 2003). In order to state a valid claim under VARA, an artist must establish several elements. First, the claim must allege that the artist is the author. *In re Idearc, Inc.,* No. 09-31828-BJH-11, 2011 Bankr. LEXIS 246, at 31 (Bankr. N.D. Tex. Jan. 21, 2011). Second, the destroyed work was a work of visual art. Third, the work was "of recognized stature. *Pollara, v. Seymour*, 206 F. Supp. 2d 333, 336 (N.D.N.Y. 2002), aff'd, 344 F.3d 265 (2d Cir. 2003). Or, whether "intentional distortion, mutilation, or modification" of the work would be "prejudicial to artist's honor or reputation. *Mass. Museum of Contemporary Art Found., Inc. v. Buchel,* 593 F.3d 38 (1st Cir. 2010). Lastly, the destruction of the work was either intentional or grossly negligent. *Pollara, v. Seymour*, 206 F. Supp. 2d 333, 336 (N.D.N.Y. 2002), aff'd, 344 F.3d 265 (2d Cir. 2003).

A. **Plaintiff's Complaint Lacks Sufficient Factual Matter**

  i. **Authorship for All Works**

VARA protects "the **reputations of certain visual artists and the works of art they create**." *Bd. of Managers of Soho Int'l Arts Condo. v. City of N.Y.*, 2003 U.S. Dist. LEXIS 10221 at 22 (S.D.N.Y. June 17, 2003) (citing H.R. Rep. No. 101-514 at 1 (1990), reprinted in 1990 U.S.C.C.A.N. 6915, 6915) (emphasis added). VARA achieves this objective by granting artists two key rights. First, VARA gives certain visual artists the right of "attribution," namely that "artists are correctly identified with the works of art that they create." *Id*.; *see also Carter v. Helmsley-Spear, Inc.,* 71 F.3d 77, 81 (2d Cir. 1995). Second, artists can assert the right of "integrity," which allows them to protect their works against "modifications or destructions that are prejudicial to their honor or reputations." *Id. See* H.R. Rep. No. 101-514 at 1 (1990), reprinted in [*23] 1990 U.S.C.C.A.N. 6915, 6915; Carter, 71 F.3d at 81.

In the Complaint, Plaintiff broadly claims that there has been an "intentional violation of LeVeille's right of integrity in his original works", "LeVeille made repeated attempts to obtain payment for his works of visual art", "[d]espite LeVeille's repeated attempts to obtain payment or the return of his paintings, LeVeille never received assurances that his works would be paid for or returned", and "Plaintiff is the author of the Cash Portrait and the Upchurch Portrait." Dkt. No. 1, ¶ ¶ 1, 17, 18. Plaintiff further states that, "Upchurch commissioned LeVeille, for a fee, to paint Upchurch's portrait", and thereafter, "LeVeille agreed and painted the Upchurch Portrait." Dkt. No. 1, ¶ 14. In contrast to, "LeVeille delivered to Upchurch's agent, …, of Live Fast Entertainment, LLC, the Upchurch Portrait and another portrait by LeVeille from his personal collection. This second portrait was of country music legend Johnny Cash." Dkt. No. 1, ¶ 15.

Moreover, no facts have been pled to support the conclusory contentions that the artist created both works at issue sufficient to raise those assertions above the speculative or conclusory level. *See e.g., Twombly*, 550 U.S. at 555. Accordingly, the Plaintiffs have not pled facts showing the artist is the author for both works of art. *Id*.

Without any factual basis showing that Plaintiff is the author of the Cash Portrait **and** the Upchurch Portrait, aside from the conclusory allegation(s) claiming as much, Plaintiff fails to state a cause of action under VARA, and the claim should accordingly be dismissed. (emphasis added).

ii. **Prejudice to Honor or Reputation**

VARA's right of integrity, codified at 17 U.S.C. § 106A(a)(3)(A), provides that an artist shall have the right "to prevent any intentional distortion, mutilation, or other modification of [his or her] work which would be prejudicial to his or her honor or reputation, and [that] any intentional distortion, mutilation, or modification of that work is a violation of that right." It thus allows artists to protect their works against intentional modifications that would be prejudicial to their honor or reputations. *Mass. Museum of Contemporary Art Found., Inc. v. Buchel*, 593 F.3d 52-53 (1st Cir. 2010) (citing H.R. Rep. No. 101-514, at 5 (1990) ("House Report"), as reprinted in 1990 U.S.S.C.A.N. 6915, 6917). Some courts have assumed without analysis that the prejudice showing is necessary for both injunctive relief and damages. *See, e.g., Hanrahan v. Ramirez*, No. 2:97-CV-7470, 1998 WL 34369997, at *3 (C.D. Cal. June 3, 1998) (citing 17 U.S.C. § 106A(a)(3)); *Carter v. Helmsley-Spear, Inc.,* 861 F. Supp. 303, 329-30 (S.D.N.Y. 1994), aff'd in part, vacated in part, and rev'd in part by Carter, 71 F.3d at 77.

Under the heading "Purpose of the Legislation," the House Report notes that the right of integrity "allows artists to protect their works against modifications and destructions that are

prejudicial to their honor or reputations." *Mass. Museum of Contemporary Art Found., Inc. v. Buchel*, 593 F.3d 53-54 (1st Cir. 2010) (citing House Report at 6, as reprinted in 1990 U.S.C.C.A.N. at 6915). The Report also notes that the rights provided by VARA are "analogous to those protected by Article 6bis of the Berne Convention,", describing the right of integrity as applicable to "certain modifications and other derogatory actions" that would be prejudicial to the artist's honor or reputation. *Mass. Museum of Contemporary Art Found., Inc. v. Buchel*, 593 F.3d 54 (1st Cir. 2010). Given the stated purpose of the legislation and the similar depiction of the integrity right in the Berne Convention, Congress intended the prejudice requirement to apply to the right of integrity whether the remedy sought is injunctive relief or damages. *Id*.

The House Report recommended that the prejudice inquiry "focus on the artistic or professional honor or reputation of the individual as embodied in the work that is protected," and "examine the way in which a work has been modified and the professional reputation of the author of the work." *Id*. (citing House Report at 15, as reprinted in 1990 U.S.C.C.A.N. at 6925-26). The focus of the prejudice inquiry is on the **artist's reputation in relation to the altered work of art**. *Id*. (emphasis added).

In the Complaint, Plaintiff broadly claims that "LeVeille is a young visual artist and painter", that "LeVeille's unique paintings of country musicians have achieved growing acclaim among visual art and country music aficionados" and that "LeVeille's work is featured in the Loretta Lynn Coal Miner's Daughter Museum and other galleries." Dkt. No. 1, ¶ ¶ 2, 3. Plaintiff also cursorily states that "At all relevant times, Plaintiff had the right to prevent any intentional distortion, mutilation, or other modification of the Cash Portrait and the Upchurch Portrait that would be prejudicial to his honor or reputation", that "Upchurch's acts were willful and malicious with the intent to cause reputational harm to LeVeille", that "LeVeille has been

damaged", and "The harm caused to LeVeille has been irreparable." Dkt. No. 1, ¶¶ 29, 33-35. However, these allegations are not sufficient to properly allege prejudice to honor or reputation as it pertains specifically to each of the works at issue. As stated in Mass. Museum of Contemporary Art Found., Inc. v. Buchel, **the focus of the prejudice inquiry is on the artist's reputation in relation to the altered work of art**. *Id*. (emphasis added).

Moreover, no facts have been pled to support the conclusory contentions that the artist has any reputation in relation to the works at issue sufficient to raise those assertions above the speculative or conclusory level. *See e.g., Twombly*, 550 U.S. at 555. Accordingly, the Plaintiff has not pled facts showing the artist's reputation in relation to the altered works of art. *Id*.

Without any factual basis showing that Plaintiff's honor or reputation has been prejudiced aside from the conclusory allegation(s) claiming as much, Plaintiff fails to state a cause of action under VARA, and the claim should accordingly be dismissed.

iii. **Stature of the Works**

Works of "recognized stature," within the meaning of VARA, are works of visual art which are viewed as meritorious and which have been "recognized" by art experts, members of the artistic community, and/or some cross-section of society. *See Carter*, 861 F. Supp. 303, 325 (S.D.N.Y. 1994). "The recognized stature requirement is best viewed as a gate-keeping mechanism protection is afforded only to those works of art that art experts, the art community, or society in general views as possessing stature." *Id*. (emphasis added). VARA protection is, thus, only afforded to artists who establish "not only the work's artistic merit, but also that it has been recognized as having such merit." *Scott v. Dixon*, 309 F. Supp. 2d 395, 400 (E.D.N.Y. 2004).

A party must adequately plead that each destroyed work is of "recognized stature" in order to recover under VARA. *See Scott*, 309 F. Supp. 2d at 400. In order to set forth a valid claim, a party must specifically support that a work is of recognized stature through evidence that each work has artistic merit that has been "recognized" by the artistic community and/or the general public. *See e.g., Scott,* 309 F. Supp. 2d at 400; *Phillips v. Pembroke Real Estate, Inc.,* 288 F. Supp. 2d 89, 101 (D. Mass. 2003), aff'd, 459 F.3d 128 (1st Cir. 2006) (works were not of recognized stature despite author's general reputation and expert testimony that the design has meritorious quality, because the evidence was only conclusory as to whether the quality of the work itself has been "recognized" by a cross-section of the artistic community or by artistic experts in the field); *Hunter v. Squirrel Hill Assocs., L.P.*, 413 F. Supp. 2d 517, 520 (E.D. Pa. 2005) (to be one of recognized stature, "the visual art is viewed as meritorious; and … the stature is recognized by art experts, other members of the artistic community, or some cross-section of society."); *Pollara*, 344 F.3d at 271.

In the Complaint, Plaintiff broadly claims that "LeVeille's unique paintings of country musicians have achieved growing acclaim among visual art and country music aficionados" and "LeVeille's work is featured in the Loretta Lynn Coal Miner's Daughter Museum and other galleries." Dkt. No. 1, ¶ 3. However, these allegations are not sufficient to properly allege recognized stature as it pertains specifically to each of the works at issue. As stated in *Scott v. Dixon*, "**it is not enough that works of art authored by the plaintiff, other than the work sought to be protected, have achieved such stature**," but rather, "**it is the artwork that is the subject of the litigation that must have acquired this stature**." *Scott*, 309 F. Supp. 2d at 400 (emphasis added).

Moreover, no facts have been pled to support the conclusory contentions that any of the works were "recognized" and "of recognized stature" sufficient to raise those assertions above the speculative or conclusory level. *See e.g., Twombly*, 550 U.S. at 555. Accordingly, the Plaintiff has not pled facts "showing that the [work] is a work of recognized stature within the meaning of VARA." *Scott*, 309 F. Supp. 2d at 400.

Without any factual showing that the works of art were of recognized stature aside from the conclusory allegation(s) claiming as much, Plaintiff fails to state a cause of action under VARA, and the claim should accordingly be dismissed.

### B. Plaintiff's Complaint Asserts Legal Conclusions in Support of Rote Recitals of VARA Elements

Although a court must accept all well-pleaded factual allegations contained in a complaint, it need not credit bare allegations, conclusory assertions, or unwarranted factual inferences. *See Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013), as amended (June 14, 2013); *Maio v. Aetna, Inc.*, 221 F.3d 472, 485 n.12 (3d Cir. 2000). Instead, the court should "disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements." *James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012); *see also Iqbal*, 566 U.S. at 678 ("threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Similarly, a court may not assume the existence of facts that have not been pleaded. *See e.g., City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263, n. 13 (3d Cir. 1998).

In the Complaint, Plaintiff broadly claims that "LeVeille sues Upchurch for **intentionally mutilating** LeVeille's works…distributing LeVeille's **mutilated works for purposes of**

**damaging LeVeille's honor and reputation**", that "[i]n the video, Upchurch repeatedly defamed LeVeille", that "Upchurch fired tens if not hundreds of rounds from a shotgun and an automatic assault rifle at the Cash Portrait and Upchurch Portrait, **mutilating** them", "After **mutilating** the Upchurch Portrait and Cash Portrait", "the **mutilated** portraits were auctioned off", "Plaintiff **had the right** to prevent any intentional distortion, mutilation, or other modification", "Upchurch **intentionally** harmed LeVeille's honor, reputation, and growing status as a visual artist", "Upchurch **further intentionally prejudiced** LeVeille's honor, reputation, and growing status as a visual artist, "Upchurch's acts were **willful and malicious** with **the intent to cause reputational harm** to LeVeille, "LeVeille **has been damaged**", and "[t]he **harm** caused to LeVeille **has been irreparable**" (emphasis added). Dkt. No. 1, ¶¶ 6, 21, 22, 24, 25, 31, 34, 35.

As stated in *City of Pittsburgh v. West Penn Power Co.,* a court may not assume the existence of facts that have not been pleaded and in *James v. City of Wilkes-Barre*, the court should "disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements." James v. City of Wilkes-Barre. Similar to *James*, the Court in the present action should disregard Plaintiff's rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements.

Without any factual showing of the terms intentional, mutilate, damage, willful and malicious, harm and irreparable aside from the conclusory allegation(s) claiming as much, Plaintiff fails to state a cause of action under VARA, and the claim should accordingly be dismissed.

## IV.    CONCLUSION

Based upon the argument and authorities set forth above, Upchurch respectfully requests the Court to grant its Motion to Dismiss.

Dated: October 11, 2019

                                                                  Respectfully submitted,

                                                                  By: /s/ Thomas Stanton

                                                                  Thomas Stanton, Esq.
                                                                  Stanton IP Law Firm, P.A.
                                                                  201 E. Kennedy Blvd. Suite 825
                                                                  Tampa, FL 33602
                                                                  tstanton@stantoniplaw.com
                                                                  813.421.3883
                                                                  Florida Bar Member – 127444

                                                                *Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2019, I caused a true copy of the foregoing

DEFENDANT'S MOTION TO DISMISS COMPLAINT AND SUPPORTING

MEMORANDUM to be served upon counsel for Plaintiff by email:

Joel B. Rothman
SRIPLAW
21301 Powerline Road, Suite 100, Boca Raton, Florida 33433
joel.rothman@sriplaw.com
*Counsel for Plaintiff*

By: /s/ Thomas Stanton

Thomas Stanton, Esq.
Stanton IP Law Firm, P.A.
201 E. Kennedy Blvd. Suite 825
Tampa, FL 33602
tstanton@stantoniplaw.com
813.421.3883
Florida Bar Member – 127444

*Attorney for Defendant*