UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JACOB AARON LEVEILLE,

    Plaintiff/Counterclaim Defendant,

v.

RYAN EDWARD UPCHURCH,
PKA UPCHURCH,

    Defendant/Counterclaim Plaintiff.
_____/

Case No. 3:19-cv-908-BJD-MCR

## ORDER

**THIS CAUSE** is before the Court on Plaintiff Jacob Aaron Leveille's Motion for Reconsideration and For Leave to file Renewed Motion to Compel Responses to Request for Production ("Motion for Reconsideration") (Doc. 74), Defendant's response in opposition thereto ("Opposition") (Doc. 76), Plaintiff's [Second] Motion to Compel Discovery ("Second Motion") (Doc. 51), and Defendant's response in opposition thereto ("Response") (Doc. 54). Upon consideration of the parties' submissions and for the reasons stated herein, the Motion for Reconsideration is due to be **GRANTED in part and DENIED in part,** and Plaintiff's Second Motion shall be **DENIED**. Further, this Court's rulings in its Order dated March 5, 2021("Order") (Doc. 73) are hereby **withdrawn in part and replaced** to the extent stated herein.

I. **Background**[1]

This litigation was initiated on or about August 5, 2019. It involves a dispute that began in late 2018 between two individuals in the artistic world. The painting artist, Plaintiff Jacob Aaron Leveille, and the musician, Defendant Ryan Edward Upchurch, disagree over the ownership, possession and controlling rights to various paintings that Plaintiff claims are his works of art.

What began as two separate lawsuits, the Court subsequently determined should be consolidated. (*See* Court Order (Doc. 45), dated Sept. 20, 2020, discussing Case No. 3:19-cv-908-BJD-MCR ("Leveille I") and Case No. 3:20-cv-861-BJD-JBT ("Leveille II"); *see also* "Consolidated Complaint" (Doc. 49).) As such, the Consolidated Complaint, contains counts for the Intentional Violation of a Visual Artist's Right of Integrity, Conversion, Trespass to Chattels, and Copyright Infringement. (*Id.*) Defendant has denied the allegations of each count in the Consolidated Complaint, alleged numerous affirmative defenses, and counter-sued Plaintiff for Defamation. (*See* "Consolidated Answer" (Doc. 50).)

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure and Local Rule 3.01, Plaintiff moved the Court for an order compelling Defendant

---

[1] The parties are familiar with the facts in this case; therefore, they are not restated here in length.

2

to provide proper answers and better responses to Plaintiff's [First] Motion to Compel ("First Motion") (Doc. 37), filed August 20, 2020.  Defendant filed his response in opposition to the First Motion on September 3, 2020. ("Response") (Doc. 40).  Plaintiff sought and was granted leave to file his Reply (Doc. 47) to Defendant's Response.  Regarding Plaintiff's First Motion, the parties disagreed over the substance of Defendant's responses and objections to Plaintiff's Interrogatories Nos. 2 and 8, and to Plaintiff's Requests for Production Nos. 1, 2, 7, 10, 11, 12, 23, 26 and 27. The Requests for Production and the Court's rulings related thereto form the basis for Plaintiff's Motion for Reconsideration, which is discussed in greater detail below.

After consolidating the two cases, the Amended Case Management and Scheduling Order ("Amended Scheduling Order") (Doc. 48) was entered on October 5, 2020.  The Amended Scheduling Order reset the discovery deadline to November 9, 2020.

On October 8, 2020, Plaintiff propounded his Consolidated Request for Production of Documents on Defendant.  (*See* Doc. 51-1.)  Defendant timely served his responses and objections thereto on November 9, 2020.  (*See* Doc. 51-2.)  Plaintiff brought the Second Motion on November 13, 2020.  In it, the Court is requested to compel Defendant to provide better responses and the production of additional documents to Plaintiff's Consolidated Request for

Production Nos. 14-16. Defendant filed his opposition ("Defendant's Second Response") (Doc. 54) on November 27, 2020, essentially asserting the Second Motion is untimely and irrelevant to the claims under Leveille II, and therefore should be denied. (Doc. 54 at 1-7.) Arguing in the alternative, Defendant reiterates and seeks to preserve his original objections that the requests are overbroad, unduly burdensome and exceed the scope "that would be available pursuant to a well-pled claim for punitive damages." (*Id.* at 8.) The Court's consideration of Plaintiff's Second Motion is discussed below in more detail.

In addition to other routine motion practice, Defendant has filed a Motion for Summary Judgment ("MFSJ") (Doc. 58) as to all counts in the Consolidated Complaint. Plaintiff responded with a lengthy opposition (Doc. 68). Defendant sought and obtained leave to file a Reply Brief in support of the MFSJ. Defendant's Reply, dated January 29, 2021, is found under docket entry 72.

The procedural history and present posture of this case has been reviewed and considered by the undersigned.

## II.   Standard for Reconsideration of a Non-final Order

Although the Federal Rules of Civil Procedure make no mention of a motion for reconsideration, such a motion finds support in federal practice, and in some circumstances performs a valuable function. *See Above the Belt,*

4

*Inc. v. Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va 1983). "District courts have inherent authority to reconsider their prior non-final orders." *Bell v. Ace Ins. Co. of the Midwest*, Case No. 2:20-cv-309-JLB-NPM, 2020 WL 7396934, at *1 (M.D. Fla. Dec. 17, 2020) (citing *DeBose v. Univ. of S. Fla. Bd. of Trs.*, Case No. 8:15-cv-2787-EAK-AEP, 2018 WL 8919876, at *2 (M.D. Fla. Mar. 23, 2018)). The Eleventh Circuit has stated that when a party requests reconsideration of a non-final order, the reviewing court shall apply the same standard that governs its reconsideration of a final order. *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993). That standard is found by harmonizing Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure, leaving a decision whether to reconsider to the sound discretion of the trial court. *Id.* The Court's decision will not be overturned on appeal absent an abuse of discretion. *See id.*

Reconsideration of a Court's previous order is an extraordinary remedy to be used sparingly. *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.,* 814 F. Supp. 1072, 1072-73 (M.D. Fla. 1993). This Court has recognized three grounds for granting reconsideration: 1) an intervening change in controlling law; 2) the availability of new evidence; and 3) the need to correct clear error or manifest injustice. *Reyher v. Equitable Life Assurance Soc'y of the U.S.*, 900 F. Supp. 428, 430 (M.D. Fla. 1995); *Sussman v. Salem, Saxon & Nielsen*, 153 F.R.D. 689, 694 (M.D. Fla. 1994).

5

### III. Discussion of Reconsideration

In this instance, the Court previously declined to consider part of Plaintiff's First Motion on the merits, due to Plaintiff's failure to comply with the version of Local Rule 3.04(a) that was in effect at the time the First Motion and the Opposition thereto were filed. (*See* Doc. 73 at 6-7.) The Court reasoned because the First Motion had been fully briefed and filed before the new Local Rules took effect, it would refer to and apply the former rules when ruling on the First Motion. (*Id.* at 6, n.3.) Here, Plaintiff's counsel alleges the Order denying Plaintiff's First Motion in part, based on a procedural defect was clear error and "cannot form the basis for the denial of [P]laintiff's motion." (Doc. 74 at 4.) In opposing Plaintiff's Motion for Reconsideration, Defendant primarily argues reconsideration should be denied because (1) Plaintiff's basis for the request does not neatly fit within the confines of the grounds established to justify such action, and (2) Plaintiff blatantly disregards this Court's longstanding rule that the parties must meet and confer with each other, attempting to resolve disputes before filing a motion with the Court.[2] (Doc. 76 at 2.) Defendant also points out the

---

[2] The Court notes one of Plaintiff's earlier motions, the Motion for Admission Pro Hac Vice ("Motion") (Doc. 24) was denied for failure to comply with the Local Rules, including failure to meet and confer with opposing counsel before bringing the Motion. The Court's Order (Doc. 25) denied the Motion without prejudice and stated counsel "may also want to pay particular attention to Local Rule 3.01(g), which requires a moving party to confer with opposing counsel prior to filing most motions and to advise the Court whether counsel agree on resolution of the motion."

6

obvious, namely that courts have great discretion and deference in the interpretation and application of their own local rules. (*Id.*)

Although the Motion for Reconsideration does not fall easily within one of the established three grounds justifying reconsideration, the Court will reconsider its prior Order (Doc. 73), using its discretion to do so. *See Bell v. Ace Ins. Co. of the Midwest,* 2020 WL 7396934, at *1; *Evergreen Media Holdings, LLC v. Paul Rock Produced, LLC*, Case No. 2:14-cv-499-FtM-29MRM, 2015 WL 13730160, at *1 (M.D. Fla. Dec. 11, 2015). Upon review of the deadlines established in the governance of this case, the extensive motion practice, and the interim change in procedural rules after the First Motion was filed and before the Court issued its rulings thereon, the Court is satisfied it should consider the merits of the disputed requests for production in Plaintiff's First Motion in order to avoid a potential, manifest injustice. In this instance, the Court's denial in part of Plaintiff's First Motion due to technical defects deprived Plaintiff of a ruling on the merits that potentially could deprive Plaintiff of evidence to which he would otherwise be entitled. Accordingly, the Motion for Reconsideration **shall be granted, in part**, for these reasons. The Court's consideration of the First Motion regarding the

---

(Doc. 25 at 2.) The parties are advised that future failure to comply with the mandates of Local Rule 3.01(g) will likely result in an immediate denial of the sought relief for failure to follow the Local Rules of this Court and the issuance of a show cause order.

disputed requests for production is set forth below.  Plaintiff's Motion for Reconsideration is **otherwise denied**.

## IV.   Standard for Review of Motions to Compel

Matters of discovery and evidence are committed to the discretion of the district court. *Wu v. Thomas*, 996 F.2d 271, 275 (11th Cir.1993); *Lee v. Etowah County Bd. of Educ.*, 963 F.2d 1416, 1420 (11th Cir.1992). It is clear that the parties may obtain discovery:

> regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).  The rules "strongly favor full discovery whenever possible." *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1543, 1547 (11th Cir. 1985).  "The discovery process is designed to fully inform the parties of the relevant facts involved in their case." *United States v. Pepper's Steel & Alloys, Inc.*, 132 F.R.D. 695, 698 (S.D. Fla. Oct. 17, 1990) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)).  "The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore

embody a fair and just result." *Oliver v. City of Orlando*, Case No. 6:06-cv-1671-Orl-31DAB, 2007 WL 3232227, at *1 (M.D. Fla. Oct. 31, 2007) (citing *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958)).

Discovery is intended to operate with minimal judicial supervision. The Court becomes involved in discovery only when a dispute arises and one of the parties files a motion requiring judicial intervention. The Court expects a high degree of professionalism and cooperation in the discovery process, as is seen in the first section of the Handbook on Civil Discovery Practice in the United States District Court for the Middle District of Florida, where it states, "Discovery in this district should be practiced *with a spirit of cooperation and civility*." Middle District Discovery (2021) at Section I(A)(1) (emphasis added).

"A party objecting to a request for production must: (1) 'state with specificity the grounds for objecting to the request, including the reasons;' (2) 'state whether any responsive materials are being withheld on the basis of that objection;' and (3) '[a]n objection to part of a request must specify the part and permit inspection of the rest.'" *Local Access, LLC v. Peerless Network, Inc.*, Case No. 6:17-cv-236-Orl-40TBS, 2018 WL 2938393, at *2 (M.D. Fla. June 12, 2018) (quoting Fed. R. Civ. P. 34(b)(2)). "The rules leave no place for boilerplate style objections." *Id.* (citations omitted).

9

## V. Discussion of Motions to Compel

### (A.) Plaintiff's First Motion (Doc. 37)

Having granted the Motion for Reconsideration in part, the Court now reviews Plaintiff's First Motion on the merits of Plaintiff's challenges to Defendant's responses and objections to Plaintiff's requests for production.

In essence, Plaintiff asserts Defendant's responses to requests Nos. 1, 2, 7, 10, 11, 12, 23, 26 and 27 contain improper boilerplate objections that should be overruled and nonsensical statements that Defendant is without knowledge of any documents that exist for disclosure, but should such documents be found "based on a reasonable search," Defendant will supplement his responses and produce such non-privileged documents in Defendant's care, custody or control. (Doc. 37 at 5.) Defendant counters that "he has responded to each of Plaintiff's requests with the knowledge and information that is within his possession, custody and control and Plaintiff's Motion is an attempt to dig for "documents that do not exist" and information which Defendant does not have. (Doc. 40 at 1.) Defendant contends his objections are "not boilerplate and are intended to protect" him. (*Id*. at 3.)

The disputed requests for production seek: (1) All documents pertaining to any request for the creation the Works; (2) All documents pertaining to your acquisition of the Works; (7) All original and digital copies of the Mutilated Works in the Defendant's possession or control; (10) All

10

documents pertaining to the Auction; (11) All documents pertaining to any statements, written or spoken, made by Defendant with respect to Plaintiff; (12) All documents pertaining to any statement, written or spoken, made by Defendant with respect to the Mutilated Works, the Works, or any other original artwork created by Plaintiff; (23) All documents pertaining to communications regarding Plaintiff or the Works; (26) All documents pertaining to any communication about the Works; and (27) All documents pertaining to any communication about the Mutilated Works.  (Doc. 37-2, 37-4, 37-6.)  Plaintiff's definitions and instructions provide:

> The word "document" shall include any writing, recording, electronically stored information or photograph in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or as to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts, microfilms, video tapes or tape recordings.

(Doc. 37-2 at 4.)  Plaintiff further refines the terms "document" and "electronically stored information" to have the "meanings given in the Federal Rules of Civil Procedure," and instructs, in relevant part, "If any document request is objected to on the grounds of overbreadth, respond to the request as narrowed to conform with your objections."  (*Id.*)

11

In responding to Plaintiff's Request for Production of Documents, Defendant begins with a generic Preliminary Statement, raises twelve "General Objections," one of which has four discreet subparts, and states three "Objections to Definitions." (*See* Doc. 37-4.) Perhaps not surprisingly, Defendant objects to the "over breadth of the definition of 'document.'" (Doc. 37-4 at 6.) On page six of the Response, Defendant begins setting forth multiple standard, essentially boilerplate, objections to each of the first thirty (30) individual requests for production. As to requests 31 through 37, Defendant points out the parties agreed in their Case Management Report to limit the number of document requests to 30 and uses that agreement to decline to respond or provide any documents. (*See* Doc. 37-4; *see also* Doc. 15 at 8.)

In responding to requests for production numbers 1, 2, 7, 10, 11, 12, 23, 26, and 27, "Defendant incorporates by reference and reiterates the General Objections and Objections to the Definitions," he "further objects to each request to the extent it calls for documents and/or information that are protected by the attorney-client privilege, work product doctrine or other applicable privilege or immunity," and "objects to [each] request as vague, ambiguous, overly broad, unduly burdensome and not proportional to the Plaintiff's needs in this case." (*See* Doc. 37-4; *see also* Doc. 37-6.)

12

A privilege log does not appear to have been produced by Defendant in response to any of the sought discovery. Thus, the Court sees no basis for the objection of "attorney-client privilege, work product doctrine or other applicable privilege or immunity" to the disputed requests. *See Local Access, LLC,* 2018 WL 2938393, at * 3-5 (noting without a privilege log the party seeking to avoid production of discovery cannot hide behind the work product doctrine or attorney client privilege to withhold documents). Without production of a privilege log, Defendant may not decline to produce responsive documents.

"Objections that discovery is vague, overbroad, or unduly burdensome standing alone without explanation are meaningless." *Houston Specialty Ins. Co. v. Titleworks of Southwest Florida Inc.*, Case No. 2:15-cv-219-FtM-29MRM, 2016 WL 7130939, at *2 (M.D. Fla. Jul. 19, 2016) (citations omitted). Such objections are boilerplate and frequently, if not always, border on a frivolous response to discovery requests. *See Steed v. EverHome Mortgage Co.*, 308 F.App'x 364, 371 (11th Cir. 2009); *Houston Specialty Ins. Co.*, 2016 WL 7130939, at *2. In the matter presently before the Court, Defendant claims each disputed request for production is vague, ambiguous, overly broad, and unduly burdensome.

Defendant attempts to add specificity to his objections by asserting that "all" of whatever is requested actually makes the request vague, ambiguous,

13

overly broad, unduly burdensome and outside Plaintiff's needs for discovery. The word "all" apparently connotes something so vast Defendant cannot separate the adjective from the subject matter in these disputed requests for production. Request 7 seeks "all original and digital copies." (Doc. 37-4 at 10.) Requests 1, 2, 10, 11, 12, 23, 26, and 27 seek "all documents."

Defendant asserts each request is objectionable because it seeks "all" of something. If the "something" is not relevant to this particular litigation, it falls outside of the "all" in the sought documents, including original or digital copies. Moreover, the subjects of the individual requests are self-limiting in many ways. For example, the Mutilated Works did not exist before the alleged shooting of the paintings in dispute.

As to requests 7, 10, 11, and 12, Defendant further objects to the extent that the request is within the public domain and easily accessible to the Plaintiff. Defendant does not, however, identify the public domain sources, nor does he indicate in what manner Plaintiff would have easy access to all the same responsive documents (including electronic media) as Defendant.

In the original responses to the disputed requests, dated February 28, 2020, Defendant repeats the blanket statement, "Subject to and without waiving the foregoing objections, Defendant will produce responsive, non-

14

privileged documents in their [sic] care, custody or control based on a reasonable search." (Doc. 37-4.) In the supplemental responses dated May 4, 2020, Defendant adds these two blanket statements in answering requests 1, 2, 7, 10, 23, 26 and 27, "At this time, Defendant is without knowledge of any documents responsive to this request. Should documents be discovered, Defendant will further supplement his answer to this request and provide such documents to the Plaintiff." (Doc. 37-6.)

    The objections raised by Defendant are indeed boilerplate language that fails to identify what documents (including electronic media) exist within Defendant's possession, custody or control. Further, Defendant's statement that he is without knowledge of any responsive documents implies Defendant has no access to responsive documents, which the Court finds difficult to believe. Plaintiff's inclusion of photographic images within the Consolidated Complaint and the exhibits to Plaintiff's Opposition to Defendant's Motion for Summary Judgment (Doc. 68) demonstrate Plaintiff has obviously obtained some documents responsive to the disputed requests from sources other than Defendant. It is hard for this Court to fathom how Defendant would not have any access to these same documents and more.

    Accordingly, Defendant's objections are overruled. Defendant shall again supplement his responses to Plaintiff's Requests for Production of Documents and shall provide all responsive documents in his possession,

15

custody or control that have yet to be produced. Defendant shall specifically state whether there are or are not documents responsive to the requests, to the best of his knowledge and belief. Supplemental responses and responsive documents are due not later than ten (10) days after the entry of this Order.

### (B.) Plaintiff's Second Motion (Doc. 51)

After the Consolidated Complaint (Doc. 49) was filed on October 6, 2020, Plaintiff propounded additional discovery requests for inspection and production on October 8, 2020. (*See* Doc. 51 at 1.) Dissatisfied with three of Defendant's responses to the requests for inspection and production, Plaintiff filed the Second Motion on November 13, 2020.[3] In the Second Motion, Plaintiff's requests numbered 14, 15 and 16 seek discovery of financial materials from Defendant. (Doc. 51, Ex. 2, pp. 14-16.) Defendant objected to the Second Motion, claiming the sought discovery is untimely and beyond the scope of the Court's discovery extension set forth in the Amended Scheduling Order. (*See generally* Doc. 54.) In Defendant's Second Response, he asserts Plaintiff brought the Second Motion to harass him into providing "overbroad and unduly burdensome financial discovery that [is] completely unrelated and irrelevant to Leveille II," which Defendant contends are the only claims

---

[3] The Court notes Defendant did not object to these additional requests for production as exceeding the agreed upon 30 per side.

contemplated for discovery under the Amended Scheduling Order.  (*Id*. at 2-3.)

As an initial matter, the Court finds no merit in Defendant's argument that the Amended Scheduling Order extended the discovery deadline solely for purposes of obtaining discovery related to Plaintiff's copyright infringement claims that were originally set forth in Leveille II.  In ruling on the motion to consolidate the two cases, the District Judge specifically considered Plaintiff's request to enlarge discovery and Defendant's objection to allowing additional discovery under Leveille I.  (Court Order, Doc. 45 at 3.)  The Court rejected Defendant's position, finding "*good cause to vacate*" the original scheduling order and issue an amended order that "*extends the current deadlines* **and** allows for further discovery into Defendant's Counterclaim and the copyright claim alleged in Leveille II." (*Id.* emphasis added.)  If the District Judge had wanted to limit the subject matter for discovery under the new deadline, he would have so stated.

The parties do not dispute the enlarged discovery deadline expired on November 9, 2020.  Neither do the parties dispute that Defendant served his objections and responses to Plaintiff's Consolidated Discovery Requests on November 9, 2020, which fell within the time period allowed under the Federal Rules of Civil Procedure.  Nonetheless, the parties are charged with being ever mindful of all applicable rules of procedure and orders of the

17

Court. In this instance, the Court did not merely extend previously established deadlines, it issued the "Amended Case Management and Scheduling Order" (Doc. 48) that fully describes what the parties must expect regarding discovery matters and the discovery deadline.

Specifically, paragraph 2 states:

> With respect to discovery matters, the date set forth above is the <u>final</u> date discovery shall be completed. All requests and motions pertaining to discovery shall be filed promptly so that the discovery desired will be due <u>prior</u> to the completion date. Specifically, motions to compel brought pursuant to Rule 37 must be filed no later than the close of discovery. The parties should be aware that a stipulation to the continuance of discovery anticipates no discovery disputes. Therefore, this Court will not hear discovery disputes arising during the stipulated continuance. The parties are further advised that any extension of discovery will not result in an extension of the dispositive motion filing deadline or other pretrial or trial dates except upon order of the Court. If promptly raised, the deadline for amending pleadings is subject to extension based on new discovery or other good cause.

(Doc. 48 at 2.) Thus, Defendant's argument that Plaintiff's Second Motion should be denied for lack of timeliness is well taken. Plaintiff has had ample time since the inception of this case to seek the financial discovery to which he would be entitled during the discovery phase. Moreover, Plaintiff has had ample time to request an extension of the discovery period, or an enlargement of the permitted number of requests for production. Neither

18

step was taken.  Therefore, the Court **will deny** Plaintiff's Second Motion as untimely.

### VI. Conclusion

In summation, and for the reasons stated herein, it is hereby

**ORDERED:**

(1.)  Plaintiff's Motion for Reconsideration (Doc. 74) is **GRANTED in part and DENIED in part** as set forth in this Order.  Accordingly, the Court's Order dated March 5, 2021 (Doc.73) is **withdrawn to the extent it denied Plaintiff's First Motion (Doc. 37) regarding the disputed requests for production for a technical deficiency and replaced with the rulings on the merits set forth in Section V(A)**.

(2.)  Plaintiff's Second Motion (Doc. 51) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, on April 19, 2021.

_____
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record