UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JACOB AARON LEVEILLE,

      Plaintiff/Counterclaim Defendant,

v.                                 Case No. 3:19-cv-908-BJD-MCR

RYAN EDWARD UPCHURCH,
PKA UPCHURCH,

      Defendant/Counterclaim Plaintiff.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff/Counterclaim Defendant

Jacob Aaron Leveille's Motion to Strike Defendant/Counterclaim Plaintiff's

Affirmative Defenses ("Motion to Strike") (Doc. 52) and the response filed in

opposition thereto ("Response") (Doc. 55).  For the reasons stated herein, the

Motion to Strike is due to be **DENIED**.

### I.    Background

This case is currently proceeding under Plaintiff's Consolidated

Complaint for Violation of the Visual Artists Rights Act and Copyright

Infringement ("Consolidated Complaint") (Doc. 49), that was filed October 6,

2020, pursuant to the Court's Order consolidating two cases involving the

same parties and factual background.  Thereafter, Defendant timely filed the

Answer and Affirmative Defenses to [the] Consolidated Complaint

("Consolidated Answer") (Doc. 50), in which he raises six affirmative defenses to Plaintiff's claims and asserts the Counterclaim for defamation.  Pursuant to Fed. R. Civ. P. 12(f), Plaintiff moves to strike four of Defendant's six affirmative defenses; namely, the First, Second, Fifth and Sixth Affirmative Defenses, arguing they are not proper affirmative defenses.  (Doc. 52). Defendant responds that Plaintiff incorrectly attempts to apply the Rule 8(a) pleading requirement established in *Twombly* and *Iqbal*[1] to the subject affirmative defenses and all requests to strike should be denied. (Doc. 55 at 1-2.)

## II.   Standard

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  However, "motions [to strike] under Rule 12(f) are viewed with disfavor and are infrequently granted" even when they are "technically appropriate and well-founded" because striking is "a drastic remedy."  *Harvey v. Lake Buena Vista Resort, LLC*, 568 F. Supp. 2d 1354, 1359 (M.D. Fla. 2008). Further, "a court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-563 (2007) (discussing the heightened flexible, plausibility standard of pleading under Fed. R. Civ. P. 8(a)); *Ashcroft v. Iqbal*, 556 U.S. 662, 677-681 (2009) (discussing same).

2

to the controversy, may confuse the issues, or otherwise prejudice a party."
*Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995).
"[W]hen evaluating a motion to strike defenses, a court must take as true
those facts supporting the questioned defenses and stated in the answer."
*Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 691 (M.D. Fla. 2003),
*aff'd*, 87 F. App'x 713 (11th Cir. 2003).

The court may strike a defense that is insufficient as a matter of law.
*Anchor Hocking Corp. v. JEA*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976).  "A
defense is insufficient as a matter of law if, on the face of the pleadings, it is
patently frivolous, or if it is clearly invalid as a matter of law."  *Id.* (citations
omitted).  Also, "[a]n affirmative defense will be held insufficient as a matter
of law only if it appears that the Defendant cannot succeed under any set of
facts which it could prove."  *Rosada v. John Wieland Homes and
Neighborhoods, Inc.*, Case No. 3:09-cv-653-J-20MCR, 2010 WL 1249841, *1
(M.D. Fla. Mar. 25, 2010).

Under the Federal Rules of Civil Procedure, a defendant is not required
"to support its affirmative defenses with elaborate factual detail."  *Harvey*,
568 F. Supp. 2d at 1360.  *See also* Fed. R. Civ. P. 8(b)(1) & (c)(1) ("In
responding to a pleading, a party must . . . state in short and plain terms its
defenses to each claim asserted against it" and "must affirmatively state any
avoidance or affirmative defense . . . .").  "An affirmative defense may be

3

pleaded in general terms and will be held to be sufficient, and therefore invulnerable to a motion to strike, as long as it gives plaintiff fair notice of the nature of the defense." *Harvey*, 568 F. Supp. 2d at 1360. *See also Myers v. Cent. Fla. Invs., Inc.*, 592 F.3d 1201, 1225 (11th Cir. 2010) (finding that the answer gave plaintiff "ample notice that defendants believed that she had failed to timely file a complaint with the EEOC"); *Adams v. JP Morgan Chase Bank, N.A.*, Case No. 3:11-cv-337-J-37MCR, 2011 WL 2938467, at *4 (M.D. Fla. July 21, 2011) (holding that affirmative defenses are not subject to the heightened pleading standards of *Twombly* and *Iqbal*, but rather are subject to a notice pleading standard); *Hansen v. ABC Liquors, Inc.*, Case No. 3:09-cv-966-J-34MCR, 2009 WL 3790447, at *1 (M.D. Fla. Nov. 9, 2009) ("Although Rule 8 does not obligate a defendant to set forth detailed factual allegations, a defendant must give the plaintiff 'fair notice' of the nature of the defense and the grounds upon which it rests."). However, "despite liberal pleading requirements, where an affirmative defense is no more than 'bare bones conclusory allegations, [it] must be stricken.'" *Romero v. S. Waste Sys., LLC*, 619 F. Supp. 2d 1356, 1358 (S.D. Fla. 2009) (citations omitted).

## III.   Discussion

As an initial matter, the Court notes Plaintiff's argument that affirmative defenses are insufficient as a matter of law if they do not meet the pleading requirements of Fed. R. Civ. P. 8(a) is misplaced. This issue has

4

not been addressed either by the Supreme Court or the Eleventh Circuit
Court of Appeal.  There has been much disagreement among the district
courts within the Eleventh Circuit as to whether the enhanced pleading
requirements of *Iqbal* and *Twombly* should apply to affirmative defenses.  *See
Aatrix Software, Inc. v. Green Shades Software, Inc.*, Case No. 3:15-cv-00164-
J-20MCR, 2019 WL 11648463, at \*7-8 (M.D. Fla. Jan. 16, 2019) (collecting
cases and noting the different opinions).  This Court, however, is among the
many and possibly the majority of courts in the Middle District of Florida
that have determined the pleading requirements of *Iqbal* and *Twombly* do
not extend to affirmative defenses.  *Adams v. JP Morgan Chase Bank N.A.*,
Case No. 3:11-cv-337-37MCR, 2011 WL 2938467, at \*3-4 (M.D. Fla. Jul. 21,
2011) (holding affirmative defenses are not subject to the heightened
pleading standards set forth in *Iqbal* and *Twombly*, noting the Eleventh
Circuit has repeatedly emphasized the purpose of Rule 8(c) is simply to
provide the plaintiff with notice of potential defenses that may be raised at
trial); *see also Aatrix Software, Inc.*, 2019 WL 11648463, at \*7-8 (discussing
same).

Defendant's first affirmative defense asserts the Consolidated
Complaint and each cause of action therein fails to state a claim upon which
relief may be granted.  (Doc. 50 at 8.)  Plaintiff calls this defense a "bare-
bones conclusory" allegation.  (Doc. 52 at 3-4.)  Defendant argues that failure

5

to state a claim is actually a "specific denial rather than an affirmative defense," which should not be stricken but treated as a denial.  (Doc. 55 at 4).  The Court agrees.  Defendant refers to *Herman v. SeaWorld Parks & Ent. Inc.*, Case No. 8:14-cv-3028-T-35EAJ, 2015 WL 12859432, *8 (M.D. Fla. Jun. 16, 2015), for persuasive authority on this issue.  The analysis in *Herman* is thorough and convincing.  Defendant's First Affirmative Defense will not be stricken, but will be considered a specific denial of all claims in the Consolidated Complaint.

For his Second Affirmative Defense, Defendant asserts, "Plaintiff has sustained no harm, irreparable or otherwise, due to Defendant's actions." (Doc. 50 at 9.)  Plaintiff asserts this is "not a proper affirmative defense" and should be stricken because courts strike this affirmative defense when it is pled against a claim for copyright infringement.  (Doc. 52 at 4.)  Defendant points out that Plaintiff has claimed actual and possibly statutory damages in the Consolidated Complaint and this affirmative defense specifically denies any actual damages exist.  (Doc. 55 at 3.)   The Court agrees this affirmative defense should not be stricken.   Similar to the First Affirmative Defense, this one will remain in the record as a specific denial of all damages and any possible harm Plaintiff claims regarding each count in the Consolidated Complaint.

6

Defendant asserts, in his Fifth Affirmative Defense, that "Plaintiff's Consolidated Complaint is barred, in whole or in part, by Plaintiff's previous acquiescence and the doctrine of estoppel." (Doc. 50 at 9.)  Plaintiff seeks to strike this affirmative defense as unsupported by facts, failure to satisfy the Rule 8 pleading standard, and an impermissible general defense.[2]  (Doc. 52 at 5.)  The pleading standard that Plaintiff argues does not apply.  The Court disagrees with Plaintiff's alternate argument that this affirmative defense is a general defense.  The Court's review of Defendant's Consolidated Answer finds sufficient facts are pled to allow the Fifth Affirmative Defense to stand.

In the Sixth Affirmative Defense, Defendant raises the doctrine of unclean hands as a bar to Plaintiff's claims for Conversion and Trespass to Chattels.  (Doc. 50 at 10-11.)  Unclean hands is a well-known defense.  Its statement as an affirmative defense places Plaintiff on notice of issues Defendant intends to assert at trial.  The doctrine of unclean hands traditionally applies to claims for equitable relief.  *Thrive HR AO, LLC v. Dallas Nat'l Ins. Co.*, Case No. 8:11-cv-1744-T-AEP, 2012 WL 13106070, at *3 (M.D. Fla. Jan. 13, 2012) (determining the unclean hands doctrine does not apply when the plaintiff seeks to recover only monetary damages) (citations

---

[2] The Court declines to address Plaintiff's confusing reference to laches in the context of this affirmative defense.

omitted).   In this instance, Plaintiff seeks equitable and monetary damages.

Defendant's Sixth Affirmative Defense shall not be stricken.

## IV.    Conclusion

Accordingly, for the reasons stated above, it is hereby **ORDERED** that

Plaintiff's Motion to Strike (Doc. 52) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, on April 19, 2021.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record